UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN                    C L O S E D
SOUTHERN DIVISION

CLAUDE DEVONE BOLING, #191936,

       Plaintiff,

                                                   CASE NO. 2:08-CV-12117
v.                                                 HONORABLE ANNA DIGGS TAYLOR

CATHY M. GARRETT,

       Defendant.
                                        /

## OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH

**I.    Introduction**

       Claude Devone Bowling ("Plaintiff"), a Michigan prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff alleges that Cathy M. Garrett, the Clerk of the Wayne County Circuit Court, has violated his constitutional rights by requiring him to pay a partial filing fee and denying him the opportunity to file and serve documents for a legal malpractice action. Plaintiff seeks monetary damages and injunctive relief. Having reviewed the complaint, the Court dismisses it for failure to state a claim upon which relief may be granted and on the basis of immunity. The Court also concludes that an appeal cannot be taken in good faith.

**II.    Discussion**

       Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a

1

claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to summary dismissal.

Plaintiff asserts that defendant Garrett has prevented him from filing and serving a civil legal malpractice action in violation of his First and Fourteenth Amendment rights. Prisoners, including indigent prisoners, have a constitutional right of access to the courts which the states have an affirmative duty to protect. *See Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). The right of access does not include a right to pursue a legal malpractice action or general civil litigation. *See Courtemanche v. Gregels*, 79 Fed. Appx. 115, 117 (6th Cir. Oct. 23, 2003) (citing *Schrier v. Halford*, 60 F.3d 1309, 1313 (8th Cir. 1995)). Plaintiff has thus failed to state a claim

upon which relief may be granted under § 1983.

The Court also notes that a plaintiff must allege that the deprivation of his rights was intentional or the result of gross negligence to state a § 1983 claim. *See Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). Mere negligence is not actionable under § 1983 – and an allegation of negligence is insufficient to state an access to the courts violation under § 1983. *See Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-30 (1992). Plaintiff does not set forth any facts indicating that Defendant Garrett's conduct has been intentional in the constitutional sense. Conclusory allegations are insufficient to state a federal civil rights claim. *See, e.g., Kensu v. Haigh*, 87 F.3d 172, 175-76 (6th Cir. 1996); *Leon v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir. 1987).

Lastly, defendant Garrett, as the Clerk of the Court, is entitled to absolute immunity. Judges and judicial employees are entitled to absolute judicial immunity on a claim for damages. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (court administrator who executes court order has absolute immunity); *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) (per curiam) (court clerk who issued erroneous warrant on judge's order was immune from suit). Moreover, the 1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 Fed. Appx. 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti, et al.*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006) (Rosen, J.); *accord Asubuko v. Royal*, 443

F.3d 302, 304 (3rd Cir. 2006); *Hass v. Wisconsin, et al.*, 109 Fed. Appx. 107, 113-14 (7th Cir. 2004); *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000). The claims against defendant Garrett involve the performance of court duties. She is thus absolutely immune from suit for such conduct and Plaintiff's complaint must be dismissed.

**III.     Conclusion**

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may granted and that defendant Cathy M. Garrett is absolutely immune from suit under 42 U.S.C. § 1983. The Court therefore **DISMISSES WITH PREJUDICE** this civil rights complaint [d/e #1].

Additionally, the Court concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.


DATED: June 30, 2008                    **s/Anna Diggs Taylor**
                                        ANNA DIGGS TAYLOR
                                        UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing Order of Dismissal and Judgment was served upon Petitioner **(Claude Boling, #191936, Cooper St Correctional Facility, 3100 Cooper St, Jackson, MI 48201)** by First Class U.S. mail on June 30, 2008.

                                        s/Johnetta M. Curry-Williams
                                        Case Manager